**Bobbie HOLSCLAW, Jefferson County Clerk And Jefferson County Board Of Elections, Movants,**

v.

**Michael S. PERKINS, Respondent.**

No. 2008–CA–001604–I.

Court of Appeals of Kentucky.

Sept. 2, 2008.

Ordered to be Published Oct. 3, 2008.

Before CLAYTON, VANMETER and WINE, Judges.

*OPINION AND ORDER*

CLAYTON, Judge.

Movants, the Jefferson County Clerk and the Jefferson County Board of Elections, ask this Court to set aside an order of the Jefferson Circuit Court which declared that respondent, Michael Perkins, is a bona fide candidate for the office of Louisville/Jefferson County Metro Council Member for the 18th District in the general election to be conducted on November 4, 2008. The circuit court also directed movants to place respondent's name on the ballot for that election. Because we are convinced that there is no statutory authority for the action of the trial court, we set aside its decision in this case.

Respondent Perkins won the Democratic Party primary and was therefore entitled to certification as its candidate in the November, 2008 general election for the Dis-

trict 18 seat on Metro Council. However, on June 5, 2008, Mr. Perkins filed with the Jefferson County Clerk a properly-executed notice of candidate withdrawal under KRS 118.212 requesting the Clerk to withdraw his name as a candidate for that office. In that notice, Perkins stated that he would not accept the nomination or election.

On or about July, 13, 2008, Perkins requested that the Clerk rescind his previously-filed notice of withdrawal and restore his name as a candidate for the District 18 Metro Council seat. The Clerk notified Perkins on July 18 that she had no statutory authority to rescind his withdrawal and that she was therefore denying his request to be restored to the ballot. Shortly therefore, Perkins sought an order of the Jefferson Circuit Court establishing the *bona fides* of his candidacy under KRS 118.176 and subsequently obtained an order directing the Clerk to place his name on the ballot. Pursuant to KRS 118.176(4), the Clerk and Board of Elections now move this Court to set that order aside.

KRS 118.212(1) provides the mechanism for withdrawal of candidacy prior to the certification of candidates:

(1) If, before the time of certification of candidates who will appear on the ballot provided in KRS 118.215, any candidate whose notification and declaration or certificate or petition of nomination has been filed in the office of the Secretary of State dies or notifies the Secretary of State in writing, signed and properly notarized that he will not accept the nomination or election, the Secretary of State shall not certify his name.

Noticeably absent from the statute is any provision for rescission of a validly filed notice of withdrawal.

In *Beckham v. Board of Educ. of Jefferson County,* 873 S.W.2d 575, 577 (Ky. 1994), our Supreme Court reiterated the well-established principle of statutory construction that courts are not free to expand the scope of statutes beyond that which is evident from the language utilized by the legislature:

As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used.

Thus, contrary to the conclusion of the circuit court, we are not free to amend an otherwise plain and unambiguous statute by adding a provision allowing a candidate to rescind an otherwise valid notice of withdrawal. Clearly, this is not a case in which the statute is vague or uncertain nor one in which public policy favors restoration of a candidate who certified to the Clerk that he would not accept the nomination or serve if elected. In fact, the equities fall more heavily against permitting such a rescission.

Quite aside from the implications for the candidate who withdraws his name from consideration, there are consequences for the opposing candidate who is entitled to rely upon his or her opponent's filing of a properly notarized notice of withdrawal. The opposing candidate may have suspended campaigning or fund-raising only to find that the withdrawn candidate has decided to jump back into the race. The impact of these considerations are more properly assessed and addressed by the General Assembly which presumably did not see fit to provide a mechanism for rescission.

Accordingly, having considered the motion to set aside the order of the Jefferson

Circuit Court requiring movants to place respondent's name on the general election ballot as the Democratic Party candidate for District 18 Metro Council Member, the response thereto, and being otherwise sufficiently advised, the Court ORDERS that motion be GRANTED and the order of August 26, 2008, is hereby SET ASIDE. Respondent's name shall not be certified as a candidate for that seat in the November 4, 2008, general election.